IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FAIRWAY LEASING, LLC | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-752 |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY AND JAVIER RICO | § | |
|    *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants Nationwide Mutual Insurance Company ("Nationwide") and Javier Rico ("Rico"; collectively as "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Fairway Leasing, LLC v. Nationwide Mutual Insurance Company and Javier Rico*; Cause No. C2017-1148B, in the 207th Judicial District Court of Comal County, Texas.

## I.
## INTRODUCTION

1.  This lawsuit arises out an insurance claim for hail damage to a commercial property owned by Plaintiff Fairway Leasing, LLC in Spring Branch, Texas. Plaintiff has sued its property insurer, Nationwide, as well as a non-diverse adjuster, Rico. Under application of federal pleading standards the allegations asserted against the sole non-diverse defendant fail to state a cause of action under Texas law. Defendants therefore remove this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

## II.
## BACKGROUND

2.  Plaintiff owns residential property located at 18534 Highway 46 W, Spring Branch, Texas 78070 (the "Property"). Nationwide issued a Commercial Policy to Plaintiff (the "Policy"), which generally covers the property identified above, subject to its terms, conditions, and exclusions.

3.  Plaintiff made an insurance claim for alleged damage to the Property from a May 18, 2016 weather event, the adjustment of which gave rise to this action. Plaintiff initiated the present action by filing its Original Petition in Cause No. C2017-1148B, in the 207th Judicial District Court of Comal County, Texas on July 6, 2017 (the "State Court Action").[1] Defendants appeared and answered on July 28, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

4.  This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition on Nationwide, and Rico has not yet been served. Removal is therefore timely under 28 USC § 1446.

5.  Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 207th Judicial District Court of Comal County, Texas.

6.  Pursuant to 28 USC § 1446(a), all process, pleadings, and orders in the State Court Action served on Nationwide have been incorporated in **Exhibit A**.

7.  Consent to removal is not required from improperly or fraudulently joined

---

[1]  See **Exhibit A**, Plaintiff's Original Petition with citation.
[2]  See **Exhibit B**, Defendants' Original Answer.

parties.[3] Nonetheless, Rico consents to removal of this action.

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

9. Plaintiff Fairway Leasing, LLC is a business located in Comal County, Texas.[4] Plaintiff is an LLC organized under the laws of the State of Texas, and all organizers, members and managers identified in Plaintiff's filings with the Texas Secretary of State are Texas residents. Defendants have conducted a diligent search, and all publicly available information indicates that the members and partners of Plaintiff all reside in Texas. On information and belief, all of Plaintiff's members are citizens of the State of Texas.

10. Defendant Nationwide Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

11. Defendant Javier Rico is an individual residing in Texas. However, Rico's citizenship should be disregarded because Rico has been improperly joined to this action.

12. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse,

---

[3]    *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[4]    *See* **Exhibit A**, Plaintiff's Original Petition and citation at ¶ 2.

or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse.[5] Because several defendants are non-diverse, only the latter option is relevant.

13. A non-diverse defendant will be found to have been improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[7] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[8] In undertaking its decision, courts are to apply Federal pleading standards to the asserted state court claim.[9] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[10] Put simply; the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[11] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[12] When the allegations that Texas DTPA and Insurance Code claims are based upon allegations or

---

[5] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 208 (5th Cir. 2016).

[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)).

[7] *Id*.

[8] *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[9] *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 200-208 (5th Cir. 2016).

[10] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Id.* at 570.

[12] Fed. R. Civ. P. 9(b)

causes of action involving misrepresentation, the fraud pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure apply.[13]

14. Plaintiff asserts claims against Defendant Javier Rico for violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud.[14] In doing so, Plaintiff employs form allegations which are not substantively tailored to the facts of this case. Those form allegations fail to describe with particularity the circumstances constituting fraud or misrepresentation, and fail to plead enough facts to state a claim to relief that is plausible on its face. Under the 12(b)(6)-type analysis of *Smallwood* and the application of federal pleadings standards, Plaintiff fails to assert a claim to relief under Texas law against Rico. As such, Defendant Javier Rico has been improperly joined to this action. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

15. Plaintiff's Original Petition states that Plaintiff "currently seeks monetary relief of "at least $200,000 but not more than $1,000,000."[15] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

16. Plaintiff further seeks compensation for (1) actual damages, (2) exemplary damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (5) pre and post-judgment interest, and (6) attorney's fees.[16] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter

---

[13] *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 965 (E.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

[14] *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 31-43.

[15] *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ 12.

[16] *Id.* at ¶¶ 62-69.

541.[17] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[18]

17.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[19] *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

18.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19.     WHEREFORE, PREMISES CONSIDERED, Defendants Nationwide Mutual Insurance Company and Javier Rico hereby provides notice that this action is duly removed.

*(Signatures on following page)*

---

[17] *See* **Exhibit A,** ¶ 61; Tex. Ins. Code sections 541.002 & 541.152.

[18] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[19] *See, generally,* **Exhibit A**, Plaintiff's Original Petition with citation.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY AND JAVIER RICO**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 9th day of July, 2017.

Michael R. Ramsey                                              **_9414 7266 9904 2061 9323 70_**
Katherine D. Ramsey
Ramsey Smith LLP 550 Westcott, Suite 250
Houston, Texas 77007
mike@ramseysmithlaw.com
ramseydocket@ramseylaw.com

and

James M. Harris                                                **_9414 7266 9904 2061 9323 87_**
300 Main Street, Room 101
Blanco, Texas 78606
jamesharrislaw@gmail.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

7