# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16872004**
**Date Processed: 07/12/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Fairway Leasing, LLC vs. Nationwide Mutual Insurance Company; Javier Rico |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Comal County District Court, Texas |
| **Case/Reference No:** | C2017-1148B |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/12/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Ramsey Smith LLP<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com





**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
**C2017-1148B**
**207th District Court**

TO: Nationwide Mutual Insurance Company
upon whom process of service may be had by serving
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701

Defendant, Greeting:

YOU HAVE BEEN SUED. You may employ an attorney, if you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said Plaintiff's ORIGINAL Petition was filed in said Court, on 6th day of July, 2017 A.D. in this cause numbered on the docket 207TH DISTRICT COURT of said and styled,

**FAIRWAY LEASING, LLC**
          **VS.**
**NATIONWIDE MUTUAL INSURANCE COMPANY; JAVIER RICO**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:     MICHAEL R. RAMSEY
                                                    550 WESTCOTT, SUITE 250
                                                    HOUSTON, TX 77007-6040

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this 10th day of July, 2017 A.D.

HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
150 N. SEGUIN #304, NEW BRAUNFELS, TX 78130

By _____, DEPUTY
          Tina Thompson

CERTIFICATE OF DELIVERY BY MAIL

ATTACH
RETURN RECEIPT
WITH
ADDRESSEE'S
SIGNATURE

I hereby certify that on the 10th day of July, 2017 at 9:00 o'clock a.m., I mailed to Defendant/Respondent by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition/motion attached hereto

9171 9690 0935 0148 3611 45

_____
Tina Thompson, DEPUTY

FILED **Cathy Ownbey**
C2017-1148B
7/6/2017 11:47 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Cathy Ownbey

**CAUSE NO.** _____   C2017-1148B

| | | |
|---|---|---|
| FAIRWAY LEASING, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | COMAL COUNTY, TEXAS |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY AND JAVIER RICO | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Fairway Leasing, LLC ("Plaintiff") and files this Plaintiff's Original Petition, complaining of Defendants Nationwide Mutual Insurance Company ("Nationwide") and Javier Rico ("Rico") (hereinafter collectively referred to as "Defendants") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiff Fairway Leasing, LLC is a business located in Comal County, Texas.

3.      Defendant Nationwide Mutual Insurance Company is an insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process by certified mail, return receipt requested, by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Javier Rico is an individual residing in and domiciled in the State of Texas. This defendant may be served with process by personal service at his

1

residence address of 8663 Bristlecone Drive, San Antonio, Texas 78240 or wherever he may be found.

## JURISDICTION

5.      The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.  Plaintiff is seeking monetary relief of at least $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend its petition during and/or after the discovery process.

6.      The court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this defendant's business activities in the state of Texas.

7.      The court has jurisdiction over Defendant Rico because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.      Venue in this cause is proper in Comal County because the insured property is situated in Comal County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide Mutual Insurance Company.

10.      Plaintiff owns the insured property, which is specifically located at 18534 Highway 46 W, Spring Branch, Texas 78070 (hereinafter referred to as "the Property").

11.      Nationwide sold the Policy, insuring the Property, to Plaintiff.

12.      On or about May 18, 2016, a windstorm/hailstorm ("storm") struck Comal County, Texas, causing damage to homes and businesses throughout the area,

2

including Plaintiff's business.  Specifically, Plaintiff's roof sustained extensive damage during storm, resulting in other damages to the interior and exterior of the building. Upon noticing the damages caused by the storm, Plaintiff filed a claim with its insurance company, Nationwide, for the damages to its building caused by the storm.

13.     Plaintiff asked that Nationwide cover the cost of repairs to the Property, including, but not limited to, replacement of the roof and repair of the exterior and interior water damage to the Property, pursuant to the Policy.

14.     Nationwide assigned Rico as the individual adjuster on the claim.  Rico is a field claim specialist III and CPCU working for Nationwide.  He was improperly trained and failed to perform a thorough and sufficient investigation of Plaintiff's claim. Rico conducted a substandard investigation of Plaintiff's claim and wholly eliminated many of the damages pointed out by Plaintiff. The inadequacy is further evidenced by his correspondence with Plaintiff and his denial dated June 30, 2016, which improperly ignored all the damages and denied the claim in its entirety.   Rico's inadequate investigation was relied upon by Nationwide in this action and resulted in Plaintiff's claim being denied.

15.     Nationwide, along with its personnel, failed to adequately supervise, oversee, and review the work of the adjuster Rico who was assigned to Plaintiff's claim. Had Nationwide performed even a cursory review of the report submitted and approved by Rico, Nationwide would have discovered that Plaintiff's claim was improperly adjusted. Unfortunately for Plaintiff, this never happened.

16.     Together, Nationwide and Rico set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and it was denied any payment to repair its building.  The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair the building, which has resulted in

additional damages.  To date, Plaintiff has yet to receive full payment to which it is entitled to under the policy.

17.     As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Nationwide underpaid Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.     Nationwide continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to its building.

19.     Nationwide failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Nationwide failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

20.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

21.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.

4

Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.     Defendants refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.     Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Nationwide's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

26.     Nationwide failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

27.     Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Nationwide has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.     From and after the time Plaintiff's claim was presented to Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action

## CAUSES OF ACTION
## CAUSES OF ACTION AGAINST DEFENDANT RICO

31.     Nationwide assigned Rico to adjust the claim.  Rico was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During his investigation, the adjuster, Rico, failed to properly assess Plaintiff's damages from the Storm.  Rico also omitted covered damages from his report, including all interior damages, and denied the claim in its entirety.

32.     Rico's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Rico is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Nationwide, because his is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor."  TEX. INS. CODE §541.002(2) (emphasis added).   (emphases added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

34.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.  Rico's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Rico's unfair settlement practice, as described above and the example given herein, of

7

misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Rico's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A)

36.     Rico failed to explain to Plaintiff the reason for his offer of an inadequate settlement.  Specifically, Rico failed to offer Plaintiff adequate compensation without any complete explanation as to why full payment was not being made. Furthermore, Rico did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy.  The unfair settlement practice of Rico, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

37.     Rico's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(4).

38.      Rico did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Nationwide.  Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

39.      Plaintiff is not making any claims for relief under federal law.

### FRAUD

40.      Defendants are liable to Plaintiff for common law fraud.

41.      Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which, Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

42.      The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

43.      Defendants are liable to Plaintiff for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an

unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST NATIONWIDE ONLY

44.     Nationwide is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### BREACH OF CONTRACT

45.     Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

46.     Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

47.     Nationwide's conduct constitutes. multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

48.     Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(1).

49.     Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

50.      Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

51.      Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

52.      Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

53.      Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

54.      Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

55.      Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

56.      Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

57.      As referenced and described above, and further conduct throughout this litigation and lawsuit, Rico is an agent of Nationwide based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

58.      Separately, and/or in the alternative, as referenced and described above, Nationwide ratified the actions and conduct of Rico, including the completion of his duties under the common and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

59.      Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

60.      Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

61.      Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

12

62.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

63.      As previously mentioned, the damages caused by the May 18, 2016 windstorm/hailstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

64.      For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney fees.

65.      For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

66.      For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

67.      For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

68.      For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

69.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

70.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Comal County, Texas.   Plaintiff is tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

71.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

72.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in its behalf expended, for prejudgment and post-judgment interest as

14

allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**RAMSEY SMITH LLP**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Mike@RamseySmithLaw.com
State Bar No. 00784998
Jim@RamseySmithLaw.com
Katherine D. Ramsey
State Bar No. 24070469
ramseydocket@ramseylaw.com
550 Westcott, Suite 250
Houston, TX 77007-6040
Telephone: 713.652.3232
Fax: 713.652.3233

-and-

James M. Harris
State Bar No. 09065800
JamesHarrisLaw@gmail.com
300 Main Street, Room 101
P.O. Box 1845
Blanco, Texas 78606
Telephone: 830-833-5710

**ATTORNEYS FOR PLAINTIFF**

15

allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**RAMSEY SMITH LLP**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Mike@RamseySmithLaw.com
State Bar No. 00784998
Jim@RamseySmithLaw.com
Katherine D. Ramsey
State Bar No. 24070469
ramseydocket@ramseylaw.com
550 Westcott, Suite 250
Houston, TX 77007-6040
Telephone: 713.652.3232
Fax: 713.652.3233

-and-

James M. Harris
State Bar No. 09065800
JamesHarrisLaw@gmail.com
300 Main Street, Room 101
P.O. Box 1845
Blanco, Texas 78606
Telephone: 830-833-5710

**ATTORNEYS FOR PLAINTIFF**



**Comal County**
*Office of District Clerk*
*150 N. Seguin, Suite 304*
*New Braunfels, Texas 78130*



OF THE RETURN ADDRESS

CERTIFIED MAIL™

9171 9690 0935 0148 3611 45

CORPORATION SERVICE
COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701

neopost™
07/10/2017
US POSTAGE $005.89⁰

FIRST-CLASS MAIL

ZIP 76130
041L12203431