# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **FAIRWAY LEASING, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **Civil Action No.  SA-17-CA-752-XR** |
| ) | |
| **NATIONWIDE MUTUAL INSURANCE** ) | |
| **COMPANY and JAVIER RICO,** ) | |
| ) | |
| **Defendants.** ) | |

## REMAND ORDER

On this date, the Court considered the opposed motion to remand filed by Plaintiff Fairway Leasing LLC ("Fairway").  Plaintiff filed this lawsuit against its insurer, Nationwide Mutual Insurance Company, and adjuster Javier Rico.  Defendants removed this case, alleging diversity jurisdiction.  Nationwide contends that its citizenship is diverse from Plaintiff's citizenship, and that non-diverse Defendant Rico is improperly joined.  Plaintiff has moved to remand, arguing that Rico is properly joined and therefore diversity is lacking.  After careful consideration, the Court finds that Defendants have failed to establish improper joinder and remands this case.

## I. Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by

demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

## II. Analysis

The parties dispute whether Rico is improperly joined. Plaintiff alleges that Rico was improperly trained and failed to perform a thorough and sufficient investigation of Plaintiff's claim; that Rico conducted a substandard investigation of Plaintiff's claim and wholly eliminated many of the damages pointed out by Plaintiff; and that Rico's inadequate investigation was relied upon by Nationwide and resulted in Plaintiff's claim being denied. Plaintiff states that the inadequacy is evidenced by Rico's correspondence with Plaintiff and his denial dated June 30, 2016, which improperly ignored all the damages and denied the claim in the entirety. Plaintiff alleges that Defendants misrepresented to Plaintiff that the damage was not covered under the Policy, even though the damage was caused by a covered occurrence, failed to make an attempt to settle in a fair manner even though they were aware of liability, failed to explain to Plaintiff the reasons for their offer of an inadequate payment/settlement, failed to affirm or deny coverage within a reasonable time, refused to fully compensate Plaintiff, failed to conduct a reasonable investigation, and

performed an outcome-oriented investigation, in violation of Chapter 541. Plaintiff alleges that Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Plaintiff has asserted claims against Rico for violations of Chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. Plaintiff asserts numerous bases for its claim against Rico under Chapter 541. Plaintiff alleges that Rico engaged in falsehoods and misrepresentations by deceptive conduct, including failing to conduct a reasonable inspection and investigation, stating that Plaintiff's damages were less severe than they were, using his own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying, and failing to provide an adequate explanation for the inadequate compensation. Plaintiff further alleges that Rico engaged in unfair settlement practices by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability was reasonably clear, and failed to explain the reason for his offer of an inadequate settlement. Plaintiff brings claims of fraud and conspiracy to commit fraud against both Rico and Nationwide jointly. Plaintiff then separately alleges breach of contract, Insurance Code, and breach of the duty of good faith and fair dealing claims against Nationwide.

Defendants contend that Plaintiff has merely "lumped together" Nationwide and Rico in undifferentiated liability averments and fails to state specific actionable conduct against the non-diverse defendant. Docket no. 8 at 4-5. Defendants contend that Rico must "have committed some act that is prohibited by [the Insurance Code] to be found liable, not just be connected to an insurance company's denial of coverage." Docket no. 8 at 6. Defendants further argue that general allegations that the adjuster's investigation caused harm because it resulted in an under-evaluation of the claim are not sufficient because there are no factual allegations of independent conduct on the adjuster's part that caused any harm. Plaintiff contends that it has sufficiently alleged claims against Rico individually based on Rico's own conduct. The Court agrees with Plaintiff.

An adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of some provisions of the Texas Insurance Code. TEX. INS. CODE § 541.002 ("In this chapter . . . 'person' means an individual, corporation, association, . . . other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance

counselor."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities.").

Courts have noted the many seemingly inconsistent cases both remanding and denying remand in cases involving claims against an insurer and an adjuster, with one court stating that the different results depend upon the differences in the underlying petitions and the difficulty in applying the improper joinder standard. *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 & n.1 (S.D. Tex. 2001); *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837 (N.D. Tex. May 22, 2009) (noting the numerous cases remanding similar cases but finding them factually distinguishable because plaintiff did not allege specific, actionable conduct by adjuster).

In *Keen v. Wausau Business Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012), the district court held that the plaintiff improperly joined the claims adjuster because his allegations against the adjuster were an almost verbatim recitation of the allegations against the insurer that the insurer failed to conduct a reasonable and objective investigation of the facts giving rise to the plaintiff's claim. The *Keen* court cited its earlier opinion in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011), in which it stated that when an adjuster's actions "'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Keen*, 875 F. Supp. 2d at 686 (*quoting Centro Cristiano*, 2011 WL 240335, at *14).

In *TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-25-12, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010), the court noted that Texas law recognizes claims against insurance adjusters in their individual capacities, but noted that the plaintiff alleged "nothing against [the adjuster] by name in the 'Facts' or 'Causes of Action' sections" and only recited allegations against "Defendants" generally. 2010 WL 4923473, at *3. The court noted that the allegations concerning defendants' conduct were "near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code" and failed "to allege facts describing any actionable conduct by [the adjuster] individually." *Id.* at *4.

However, in other cases, courts have not found improper joinder where the petition alleges

-4-

facts or claims specific to the adjuster or asserts some claims against the adjuster, some claims against the insurer, and some claims against both. *See Vantex II P'ship v. Sec'y Nat'l Ins. Co.*, No. P-13-CV-021, 2013 WL 12090076, at *4 (W.D. Tex. Nov. 25, 2013); *Cruz v. Standard Guaranty Ins. Co.*, No. H-10-352, 2010 WL 2269846, at *3 (S.D. Tex. June 4, 2010); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009) (no improper joinder where plaintiff clearly differentiated between the conduct of the insurer and adjusters and alleged that adjusters violated Insurance Code by failing to attempt in good faith to effect a prompt, fair, and equitable settlement and by failing to affirm or deny coverage within a reasonable time). This Court has made similar distinctions, finding proper joinder where plaintiff alleges actionable conduct specifically with regard to the adjuster. *See, e.g.*, *Rodriguez v. Esurance Ins. Co.*, No. 5:17-cv-453-XR (docket no. 19) (W.D. Tex. Aug. 2, 2017) (discussing cases and remanding); *Kris Hospitality LLC v. Tri-State Ins. Co.*, No. SA-16-CV-01229-XR, 2017 WL 437424 (W.D. Tex. Jan. 31, 2017) (same). [1]  Plaintiff here alleges facts specific to Rico and the Court is able to discern which actions by Rico Plaintiff complains of.

In addition, Plaintiff alleges that Rico failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability was reasonably clear, and failed to explain the reason for his offer of an inadequate settlement.  As Judge Ezra and Judge Sparks recently noted, courts are split on whether an adjuster may be held liable under § 541.060(a)(2)(A) for failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, but "this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court.'"  *Mehar Holdings, LLC. v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Shade Tree Apartments v. Great Lakes Reinsurance*, No. A-15-CA-843-SS, 2015 WL 8516595 (W.D. Tex. Dec. 11, 2015).

Further, Nationwide's argument that Plaintiff has failed to satisfy Rule 9(b)'s requirements

---

[1] And some courts have found that, even if the allegations against the adjuster and the insurer are identical, *Gasch* is controlling precedent holding that the adjuster is not improperly joined so long as claims are made against the adjuster individually under the Insurance Code.  *E.g.*, *Eduardo v. Great Lakes Reinsurance*, No. DR-15-CV-00073, 2016 WL 4371946, at *6 (W.D. Tex. Jan. 19, 2016).

to plead fraud with specificity goes to the claims against both Rico and Nationwide, and thus cannot establish improper joinder as to Rico. *Gasch*, 491 F.3d at 283-84 ("there is no improper joinder if a defense compels the same result for the resident and nonresident defendants").

Accordingly, Defendants have failed to establish that Plaintiff has no reasonable likelihood of prevailing on its claims against Rico, and thus have failed to meet the heavy burden of establishing improper joinder.

## Conclusion

The Court finds that Defendants have failed to establish that Rico was improperly joined, and that diversity jurisdiction is therefore lacking.  This case is therefore REMANDED pursuant to 28 U.S.C. § 1447(c),(d) for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 4th day of October, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE